IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DERICK JONES, | § | |
| TDCJ-CID NO. 1375726, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0624 |
| | § | (Consolidated w/No. H-09-0626) |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Christopher Derick Jones' Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1), and Respondent Nathaniel Quarterman's Motion to Dismiss with Brief in Support (Docket Entry No. 8).[1]  Also before the court are Jones' Memorandum in Support of Application for Writ of Habeas Corpus (Civil Action No. H-09-0626, Docket Entry No. 4), Jones' Response to Motion to Dismiss (Docket Entry No. 9), and Respondent's Reply to Petitioner's Response to Motion to Dismiss (Docket Entry No. 11). For the reasons stated below, the court will grant respondent's motion to dismiss and will dismiss Jones' habeas petition.

---

[1]All docket entries refer to Civil Action No. H-09-0624 unless otherwise noted.

## I. Procedural History and Claims

### A. Procedural History

Petitioner, Christopher Derick Jones, was indicted for two counts of aggravated assault on October 13, 2005.[2] On March 27, 2006, Jones pleaded guilty to both counts of aggravated assault.[3] The court sentenced Jones to twenty years' confinement.[4] On May 17, 2007, the Fourteenth Court of Appeals of Texas affirmed Jones' convictions.[5]

On June 4, 2007, Jones filed a motion for extension of time to file petitions for discretionary review.[6] The extension was granted, thereby extending the deadline for filing the petitions to August 17, 2007.[7] Jones never filed a petition for discretionary review for either conviction.

Jones filed state habeas petitions on September 4, 2008.[8] On February 11, 2009, the Texas Court of Criminal Appeals denied both

---

[2] Ex parte Jones, WR-71,397-01 at 134 (Tex. Crim. App. Jan. 20, 2009); Ex parte Jones, WR-71,397-02 at 134 (Tex. Crim. App. Jan. 20, 2009). Jones was also indicted for burglary of a habitation, but this charge was subsequently dismissed on a motion by the state. Ex parte Jones, WR-71,397-01 at 155-156; Ex parte Jones, WR-71,397-02 at 155-56.

[3] Ex parte Jones, WR-71-397-01 at 128; Ex parte Jones, WR-71-397-02 at 128.

[4] Ex parte Jones, WR-71-397-01 at 138; Ex parte Jones, WR-71-397-02 at 138.

[5] Jones v. Texas, 1406-567-CR & 14-06-568-CR (Tex. App. -- Houston [14th Dist.] May 17, 2007) (not designated for publication).

[6] Docket Entry No. 8, Exhibit B.

[7] Docket Entry No. 8, Exhibit A.

[8] Ex parte Jones, WR-71-397-01; Ex parte Jones, WR-71,397-02.

of Jones' petitions.[9] On March 2, 2009, Jones filed two identical federal habeas petitions challenging both of his convictions.[10] Because these federal petitions are identical, the court will sua sponte consolidate H-09-0626 into H-09-0624.

**B. Petitioner's Claims on the Merits**

Jones asserts the following grounds for habeas relief:

(1) His guilty plea was involuntary, and he was denied effective assistance of counsel when his counsel advised him that he had no possible defense and would receive probation or a reduced sentence if he pleaded guilty;

(2) he was denied effective assistance of counsel when his counsel failed to interview a witness who was available and could have testified favorably to Jones' defense either in the guilt/innocence phase or the punishment phase; and

(3) he was denied effective assistance of counsel when his counsel told him and his family that self-defense was not available as a defense and presented a deficient and prejudicial case at the sentencing hearing.[11]

Respondent argues that the merit of these claims need not be addressed because Jones' petition for habeas is time-barred pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 and should be dismissed.[12]

---

[9]Ex parte Jones, WR-71-397-01; Ex parte Jones, WR-71,397-02. Denial was based on findings of fact of the trial court.

[10]Jones v. Quarterman, No. H-09-0624; Jones v. Quarterman, No. H-09-0626.

[11]Docket Entry No. 1; Civil Action No. H-09-0626, Docket Entry No. 4.

[12]Docket Entry No. 8 at 2.

## II. <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")amended the federal habeas statutes. <u>See</u> 28 U.S.C. § 2253; <u>see generally</u> <u>Lindh v. Murphy</u>, 117 S. Ct. 2059, 2061 (1997). Because Jones' habeas petition was filed after the AEDPA's effective date of April 24, 1996, his petition is subject to the amended statutes. <u>See</u> <u>Lindh</u>, 117 S. Ct. at 2061.

The AEDPA establishes a statute of limitations for filing federal habeas petitions:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Unites States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (2006).

Respondent argues that Jones' petitions are untimely based on § 2244(d)(1)(A).[13]  Because Jones does not claim that any of the other subsections of § 2244(d)(1) apply, Jones' limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

**A.   Application of Section 2244(d)(1)(A) to Jones' Petition**

The limitations period began on the date of Jones' final judgment.  Final judgment is determined by the date of conclusion of direct review or the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A); see Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003).  Therefore, Jones' judgments became final upon the expiration of his time to file petitions for discretionary review.  Roberts, 319 F.3d at 694-95.  Respondent has filed an affidavit from the Texas Court of Criminal Appeals certifying that August 17, 2007, was Jones' final date to file petitions for discretionary review pursuant to an extension filed on June 4, 2007.[14]  Therefore, August 17, 2007, is the date Jones' judgments became final and the limitations period under the AEDPA began to run.  See 28 U.S.C. § 2244(d)(1)(A).

---

[13]Docket Entry No. 8.

[14]Docket Entry No. 8, Exhibit B.

**B.    Equitable Tolling**

The AEDPA's limitations are not jurisdictional, and therefore equitable tolling is permissible.  See United States v. Petty, 530 F.3d 361, 364 (5th Cir. 2008).  Equitable tolling is permitted, however, "only 'in rare and exceptional circumstances.'" Petty, at 864 (quoting Davis v. Johnson, 158 F.3d 806, 810, 811 (5th Cir. 1998)).  To establish a right to equitable tolling Jones must show (1) "that some extraordinary circumstance stood in his way" and (2) "that he has been pursing his rights diligently." Lawrence v. Florida, 127 S. Ct. 1001, 1085 (2007).

Jones' counsel argues that the one-year limitations period should be equitably tolled because three mistakes prohibited the filing of Jones' habeas petitions:  (1) her reliance on the deputy clerk's verbal statement of the deadline for filing the petitions for discretionary review; (2) her statement in the original habeas application that Jones' state habeas petitions were filed on September 2, 2008, instead of September 4, 2008; and (3) her inability to meet deadlines based on severe illness.[15]

(1)  Reliance on Deputy Clerk's Verbal Assertion

Jones' counsel states that she relied on a statement by a deputy clerk at the Texas Court of Criminal Appeals that Jones'

---

[15]Docket Entry No. 9 at 3-5.

petitions for discretionary review were due on September 16, 2007.[16] Jones' counsel argues that her reliance on the statement of the deputy clerk constitutes extraordinary circumstances, which should justify equitable tolling.  Counsel cites <u>United States v. Wynn</u>, 292 F.3d 226 (5th Cir. 2002), to support her argument for equitable tolling.

In <u>Wynn</u> the petitioner argued that his post-conviction counsel actively misled him.  <u>See</u> <u>id.</u> at 230.  Wynn's counsel informed him that a habeas petition had been filed on petitioner's behalf.  <u>Id.</u> at 228.  Suspicious, Wynn contacted the clerk of the court and inquired into the status of his habeas petition.  <u>Id.</u>  After sending two letters, Wynn was finally informed by the district court that no habeas petition had been filed on his behalf.  <u>Id.</u>  Wynn unsuccessfully tried to contact his counsel and was forced to persuade his father to contact his counsel.  <u>Id.</u>  Wynn's father was informed that counsel "had filed the habeas corpus petition directly with [the Judge] and was awaiting a response from the Judge . . . "  <u>Id.</u> at 228-29.  Finally, after more failed communication with his counsel, Wynn decided to purchase a copy of

---

[16]Docket Entry No. 9 at 1-2.  The petitions for discretionary review were actually due on August 17, 2007, as evidenced in the affidavit by the Clerk's Office of the Texas Court of Criminal Appeals (Docket Entry No. 8, Exhibit B).  Jones' counsel now agrees that August 17, 2007, was the correct due date.  <u>See</u> Docket Entry No. 9.

the trial court's docket sheets, which showed that no habeas petition had been filed on petitioner's behalf.  Id. at 229.  The Fifth Circuit determined that equitable tolling may apply, assuming that Wynn was misled by his counsel and that he reasonably relied on the counsel's misrepresentation.  The case was remanded for a factual determination on those issues.[17]  Id. at 230-31.

The respondent argues that Wynn is distinguishable from the facts of this case.[18]  Respondent also argues that counsel neglect or error is not an extraordinary circumstance that will justify equitable tolling, citing United States v. Petty, 530 F.3d 361 (5th Cir. 2008).  In Petty the Fifth Circuit affirmed a dismissal of a habeas petition based on the AEDPA's statute of limitations.  Id. at 368.  Petty argued that equitable tolling was applicable because he had been misinformed of the date of his final judgment by an assistant clerk at the district court.  Id. at 363.  Petty provided an affidavit by the clerk, verifying that she had relayed an incorrect date of final judgment to Petty.  Id.  The court held that equitable tolling did not apply because Petty had ample notice of the correct date that his conviction was affirmed, and that it was therefore unreasonable to rely on the district clerk.

---

[17] On remand the district court found that Wynn had failed to show that he had relied on a misrepresentation by his counsel and, in the alternative, that it was not a reasonable reliance. United States v. Wynn, 100 Fed. App'x 325, 326 (5th Cir. 2004).

[18] Docket Entry No. 11 at 3.

Jones' situation is more analogous to the facts of Petty than the facts of Wynn.[19]  Similar to Petty, Jones' counsel had notice from the court of appeals' on-line docket sheet that Jones' petition for discretionary review was due on August 17, 2007.[20] This information prompted Jones' counsel to call the Court of Criminal Appeals.[21]  Counsel states that she made the call to verify the due date of Jones' petition for discretionary review shown on the online docket sheet of the Fourteenth Court of Appeals of Texas.[22]  Counsel states that the deputy clerk told her "that Petitioner had 30 more days than was reflected on the court of appeals' docket sheet."[23]  Counsel relied on her understanding of the deputy clerk's statements instead of contacting the court of appeals to verify the information on the docket sheet.

The court of appeals' online docket sheet identified the correct date, August 17, 2007, that Jones' petitions for discretionary review were due and put Jones' counsel on notice of that date.[24]  Therefore, counsel's reliance on her understanding of the deputy clerk's verbal communication was unreasonable and did

---

[19] Compare United States v. Wynn, 292 F.3d 226 (5th Cir. 2002), with United States v. Petty, 530 F.3d 361 (5th Cir. 2008).

[20] Docket Entry No. 10, Exhibit B.

[21] See Docket Entry No. 9 at 2.

[22] Docket Entry No. 9 at 2.

[23] Id.

[24] Docket Entry No. 10, Exhibit B.

not constitute extraordinary circumstances that would justify equitable tolling.

(2)  Incorrect Use of the "Mailbox Rule"

Jones' counsel originally believed that she filed the state habeas petitions on September 2, 2008.[25] She later learned that this date was based on an erroneous application of the "mailbox rule."[26] Applying the mailbox rule was incorrect for two reasons: (1) The mailbox rule does not apply to state petitions, see Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999); and (2) the mailbox rule only applies to pro se prisoners, not prisoners represented by counsel. See Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002). In addition, miscalculations of deadlines and filing dates by attorneys are not extraordinary circumstances that justify equitable tolling. See Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007).[27] Therefore, equitable tolling will not apply based on counsel's inadvertent reliance on the mailbox rule.

---

[25] Memorandum in Support of Application for Writ of Habeas Corpus, Civil Action No. H-09-0626, Docket Entry No. 4 at 2.

[26] Docket Entry No. 9 at 4. Under the prisoner's "mailbox rule" a habeas petition is considered filed when the pro se prisoner correctly follows procedure and delivers the petition to the prison officials to be mailed. Starns v. Andrews, 524 F.3d 612, 616 n.1 (5th Cir. 2008).

[27] Moreover, because the limitations period in this case was missed by far more than two days, equitable tolling of the miscalculated two days would not affect the outcome of this case.

(3) <u>Counsel's Illness</u>

Jones' counsel argues that Jones is entitled to equitable tolling because she suffered from illnesses that prevented her from filing Jones' federal habeas petitions within the limitations period.[28]  Counsel states that beginning in February of 2008 she suffered from the first of many sinus infections, that in October of 2008 she was diagnosed with chronic maxillary sinusitis, and that she underwent surgery on February 6, 2009.  Jones' counsel argues that this illness and the circumstances of her surgery and hospitalization constitute extraordinary circumstances outside of her or Jones' control, which should justify equitable tolling.[29]

Respondent argues that Jones is not entitled to equitable tolling based on "conclusory assertions that counsel was partially incapacitated due to health problems for much of 2008."[30]  Respondent also contends that although Jones' counsel offers details regarding her medical condition near the time Jones' state petitions were denied, she fails to provide information explaining her failure to timely file state habeas petitions.[31]

August 17, 2008, was the deadline to file Jones' federal habeas petitions.  In the time preceding August 17, 2008, Jones'

---

[28]Civil Action No. H-09-0626, Docket Entry No. 4 at 2-5.
[29]<u>Id.</u> at 4-5.
[30]Docket Entry No. 8 at 5 (internal citations omitted).
[31]<u>Id.</u>

-11-

counsel had not been hospitalized. Although counsel contends that she was "partially incapacitated due to health problems for much of 2008" she has not met her burden of showing that she was medically unable to file Jones' habeas petitions before August 17, 2008.[32]

Equitable tolling is not applicable where petitioner has failed to diligently pursue habeas relief. See Cousin, 310 F.3d at 849. The state habeas petitions were not actually filed until thirteen months after Jones' judgments became final. Although Jones' counsel experienced bouts of illness during that period, she does not explain why she could not have filed Jones' state habeas petitions. The court is not persuaded that waiting thirteen months to file the state habeas petitions shows the diligent pursuit of Jones' legal rights necessary to establish equitable tolling.

**C.   Statutory Tolling**

The AEDPA's limitations period can be tolled statutorily by properly filed applications for state post-conviction under § 2244(d)(2):

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d)(2). Jones' state habeas petition was filed on September 4, 2008, eighteen days after his limitations period

---

[32]Civil Action No. H-09-0626, Docket Entry No. 4 at 2.

expired on August 17, 2008.[33]  State habeas petitions filed after the expiration of the AEDPA's limitations period do not retroactively toll the limitations time.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).  Because Jones' state habeas petitions were not filed within the AEDPA's limitations period statutory tolling is not applicable.

**D.   Conclusion**

The AEDPA establishes a one-year limitations period for filing a federal habeas absent either equitable or statutory tolling.  28 U.S.C. § 2244(d).  Jones has not established any extraordinary circumstances that justify equitable tolling, nor is statutory tolling applicable.  Therefore, Jones' one-year limitations period began to run on August 17, 2007.  His federal habeas petitions, which were filed on March 2, 2009, were seven months too late.  Because Jones' federal habeas petitions are barred by the AEDPA's statute of limitations, respondent's motion to dismiss will be granted and Jones' petitions for writ of habeas corpus will be dismissed.

### III.   Certificate of Appealability

Although Jones has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per

---

[33] Ex parte Jones, WR-71-397-01; Ex parte Jones, WR-71,397-02.

curiam). A COA is granted only when the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Because Jones has not presented evidence to meet the burden of showing his habeas petitions should not be barred by limitations, jurists of reason could not debate this court's ruling to dismiss his petition. A COA will therefore be denied.

### IV.  Conclusions and Order

The court **ORDERS** the following:

1. Civil Action No. H-09-0626 is sua sponte **CONSOLIDATED** into Civil Action No. H-09-0624.
2. Respondent Quarterman's Motion to Dismiss (Docket Entry No. 8) is **GRANTED.**

3. Jones' Petitions Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) are **DISMISSED with prejudice.**

4. A certificate of appealability is **DENIED.**

**SIGNED** at Houston, Texas, on this 14th day of August, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE